UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONTIE S. MITCHELL,

                           Plaintiff,

                                                                        1:22-CV-613
           v.                                                   (DNH/DJS)

ANTHONY J. ANNUCCI, *Acting Commissioner
of DOCCS,* and JOHN or JANE DOE,

                           Defendants.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

DONTIE S. MITCHELL
Plaintiff, *Pro Se*
Albany, New York 12202

**DANIEL J. STEWART
United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court Plaintiff's *pro se* Complaint.  Dkt. No. 1, Compl. The Court has previously granted leave to proceed *in forma pauperis*.  Also pending is an application for leave to file electronically.  Dkt. No. 3.

      28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that

- 1 -

a plaintiff may properly maintain his or her complaint before permitting the matter to proceed further.

The Complaint in this action asserts a claim under 42 U.S.C. § 1983 alleging a violation of Plaintiff's First Amendment right to be free from retaliation. *See generally* Compl. Plaintiff is on post-release supervision following a term of imprisonment. Compl. at ¶ 2. The Complaint alleges that as part of his efforts to mentor youth, he has "informally adopted" a twelve-year-old boy. *Id.* at ¶¶ 14-15. Plaintiff alleges that he has provided food, clothing, and housing for the boy. *Id.* at ¶¶ 20-21. The Complaint also alleges that Plaintiff has opposed certain requests from the child's mother regarding the boy, including requests to stay away from him. *Id.* at ¶¶ 16-17. The child's mother has allegedly filed a police complaint against Plaintiff. *Id.* at ¶ 23. Plaintiff alleges that as a result of these facts, the conditions of his post-release supervision have been modified and made more restrictive. *Id.* at ¶¶ 8, 27 & 31. This, he claims, constituted retaliation. *Id.* at ¶¶ 17 & 32.

"To prevail on a First Amendment retaliation claim, [a plaintiff] must establish '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected conduct and the adverse action.'" *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)). The plaintiff must establish that "the protected conduct was a substantial or motivating factor" behind the retaliatory action. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

Here, the Court recommends that the Complaint be dismissed because Plaintiff has failed to allege facts to demonstrate the first element identified above – that he engaged in constitutionally protected activity. Plaintiff's Complaint does not allege how his conduct regarding the minor child is constitutionally protected and the Court is aware of no basis for finding this type of mentorship protected. That is especially true given the Complaint's own allegations that Plaintiff's efforts are contrary to the wishes of the parent of the minor child at issue. The Complaint, therefore, is facially deficient and should be dismissed.

The Complaint arguably also asserts a claim based on the First Amendment right to free association. *See* Compl. at ¶ 32. "The Supreme Court has recognized two types of associational rights: an individual's right to associate with others in intimate relationships and a right to associate with others for purposes of engaging in activities traditionally protected by the First Amendment, such as speech and other expressive conduct." *Econ. Opportunity Comm'n of Nassau Cnty., Inc. v. Cty. of Nassau*, 106 F. Supp. 2d 433, 439 (E.D.N.Y. 2000) (citing cases). As pled, the Complaint fails to establish either that the relationship between Plaintiff and the minor child referenced in the Complaint is of the sort that can be deemed constitutionally protectible, *see Roberts v. U.S. Jaycees*, 468 U.S. 609, 619 (1984) (identifying protected associational relationships), or that Plaintiff did so to engage in some other form of First Amendment protected conduct. Any freedom of association claim, therefore, is also insufficiently pled to survive initial review.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). Because Plaintiff may be able to amend his pleadings to address the deficiencies identified above, the Court recommends that the Complaint be dismissed with leave to amend.

In light of the recommended disposition here, the Court denies Plaintiff's motion for ECF filing access without prejudice to renewal.

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED without prejudice**; and it is

**ORDERED**, that Plaintiff's Motion for ECF Access (Dkt. No. 3) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN</u>**

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: June 24, 2022
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge