UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DONTIE S. MITCHELL,

        Plaintiff,

        -v-                    1:22-CV-613

ANTHONY J. ANNUCCI, and
JOHN OR JANE DOE,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                  OF COUNSEL:

DONTIE S. MITCHELL
Plaintiff, Pro Se
69 Second Avenue, 2nd Floor
Albany, NY 12202

DAVID N. HURD
United States District Judge

## ORDER ON REPORT & RECOMMENDATION

On June 9, 2022, *pro se* plaintiff Dontie Mitchell ("plaintiff"), who is on post-release supervision following a term of imprisonment, filed this 42 U.S.C. § 1983 action alleging that defendants violated his First Amendment rights. Dkt. No. 1. According to the complaint, plaintiff has "informally adopted" a twelve-year-old boy and refused requests from the child's mother to stay away from him. *Id*. The complaint alleges that the child's mother has

filed a police report that resulted in a more restrictive modification to the conditions of his post-release supervision. *Id*. Along with his complaint, plaintiff sought leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2. Thereafter, plaintiff also sought to obtain ECF credentials for purposes of electronic filing. Dkt. No. 3.

On June 9, 2022, plaintiff moved on an emergency basis for a temporary restraining order that would prevent defendants from enforcing a Special Parole Condition that prevents him from having any contact with minors, including the minor children with whom he has established a mentorship relationship. *See* Dkt. No. 4. That motion was denied on June 10, 2022, and this matter was referred to U.S. Magistrate Judge Daniel J. Stewart for an initial review of the sufficiency of the pleading. Dkt. No. 6.

On June 24, 2022, Judge Stewart granted plaintiff's IFP Application, Dkt. No. 7, denied plaintiff's request for ECF credentials, Dkt. No. 8, and advised by Report & Recommendation ("R&R") that plaintiff's complaint be dismissed without prejudice, *id*. As Judge Stewart explained, plaintiff had failed to allege that he engaged in any constitutionally protected activity, especially in light of his admission that his efforts to "mentor" the minor child "are contrary to the wishes of the parent." *Id*. However, in light of plaintiff's *pro se* status, Judge Stewart recommended that plaintiff be given an opportunity to amend his pleading. *Id*.

Plaintiff has filed objections. Dkt. No. 9. Plaintiff has also filed an amended complaint. Dkt. No. 10. Upon *de novo* review, the R&R will be accepted and adopted in all respects. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation is ACCEPTED;

2. Plaintiff's complaint is DISMISSED; and

3. Plaintiff's amended complaint (Dkt. No. 10) is REFERRED[1] to Judge Stewart for an initial review.

IT IS SO ORDERED.

Dated: July 13, 2022
       Utica, New York.

_David N. Hurd_
U.S. District Judge

---

[1] The facts in the amended complaint are broadly similar to the factual allegations asserted in plaintiff's initial pleading. *Compare* Dkt. No. 1, *with* Dkt. No. 10. However, unlike his initial pleading, plaintiff's amended complaint asserts a new cause of action and removes certain references to the fact that some or all of plaintiff's "mentorship" activity is against the wishes of the parents of the minor children. *See* Dkt. No. 10.