**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DONTIE S. MITCHELL,

                        Plaintiff,

        v.                                1:22-CV-613
                                            (DNH/DJS)

ANTHONY J. ANNUCCI, *Acting Commissioner of DOCCS*, and JOHN or JANE DOE,

                        Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

DONTIE S. MITCHELL
Plaintiff, *Pro Se*
Albany, New York 12202

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

### I. BACKGROUND

Presently before the Court for review under 28 U.S.C. § 1915(e) is the Second Amended Complaint filed by Plaintiff. Dkt. No. 12, Sec. Am. Compl. On June 24, 2022, this Court issued a Report-Recommendation recommending that the initial Complaint be dismissed. Dkt. No. 8. Plaintiff filed objections to that Report-Recommendation and the same day filed an Amended Complaint. Dkt. Nos. 9 & 10. The District Court adopted the Report-Recommendation and referred the pending Amended Complaint to the undersigned for review. Dkt. No. 11. On August 2, 2022, Plaintiff filed the Second Amended Complaint. Dkt. No. 12.

- 1 -

As discussed in greater detail in the prior Report-Recommendation, under section 1915(e) the District Court "shall dismiss the case at any time if the court determines that . . . the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his or her complaint before permitting the matter to proceed further.

The Second Amended Complaint in this action asserts claims under 42 U.S.C. § 1983 and state law. *See generally* Sec. Am. Compl. Plaintiff is on post-release supervision following a term of imprisonment. *Id.* at ¶ 2. The Complaint alleges that upon his release from custody, he began an effort to mentor youth. *Id.* at ¶¶ 14-17. Plaintiff alleges that as a result of false rumors within the community about illegal conduct on his part, the Albany Police Department and state parole officials began to investigate him. *Id.* at ¶¶ 19-34. This resulted in a number of new conditions being placed on his post-release supervision, including a directive that he not have contact with individuals under age 18. *Id.* at ¶ 24.

## II. DISCUSSION

### A. First Amendment Freedom of Speech and Association

"The courts have [ ] consistently held that a parolee has no constitutionally protected interest in being free from special conditions of release." *Maldonado v. Fischer*, 2012 WL 4461647, at *4 (W.D.N.Y. Sept. 24, 2012) (collecting cases). "[U]nder New York law the Board of Parole is entitled to impose conditions on the conditional

release of an inmate." *Doe v. Simon*, 221 F.3d 137, 139 (2d Cir. 2000). Plaintiff alleges that a special condition imposed upon him restricting his contact with individuals under the age of 18 violates his free speech and association rights because he has made it a personal mission to mentor young individuals. Sec. Am. Compl. at ¶¶ 49-55.

With regard to Plaintiff's claim premised upon the right to intimate association, the Court recommends dismissal. "The right to intimate association includes two types of associational rights: an individual's right to associate with others in intimate relationships and a right to associate with others for purposes of engaging in activities traditionally protected by the First Amendment, such as speech and other expressive conduct." *Jones v. Bay Shore Union Free Sch. Dist.*, 947 F. Supp. 2d 270, 277 (E.D.N.Y. 2013) (internal quotation omitted). As noted in the Court's prior Report-Recommendation, the Court is aware of no authority suggesting that the types of mentorships or informal familiar bonds referenced by Plaintiff with young men in the community, *see* Sec. Am. Compl. at ¶¶ 14 & 53, are "of the sort that can be deemed constitutionally protectible." Report-Recommendation at p. 3 (citing *Roberts v. U.S. Jaycees*, 468 U.S. 609, 619 (1984)). Nor does the fact that Plaintiff works to promote the business interests of young men, Sec. Am. Compl. at ¶ 17, bring his conduct within the ambit of expressive association. *Sanitation & Recycling Indus., Inc. v. City of New York*, 107 F.3d 985, 996 (2d Cir. 1997) (right of association does not apply to "business relationships").

Nor does this Court find, given the facts in the record, that Plaintiff's free speech claim can survive initial review. The precise nature of Plaintiff's purported free speech

- 3 -

claim is unclear. While Plaintiff has alleged a close mentoring relationship with young individuals, he has not alleged the type of actual familial relationship that would clearly implicate constitutionally protected interests sufficient to state a claim. *See Peoples v. Leon*, 2021 WL 1582173, at *12 (N.D.N.Y. Jan. 4, 2021), *report and recommendation adopted*, 2021 WL 977222 (N.D.N.Y. Mar. 16, 2021). The record in this case establishes that the mother of one of the youth Plaintiff alleges he mentors filed a police complaint against Plaintiff as a result of his conduct toward the child. Dkt. No. 1 at ¶ 23; Dkt. No. 4-1 at ¶ 23. These allegations, though not a part of the Second Amended Complaint itself, are properly considered on the initial review. *Matthews v. Betsinger*, 2018 WL 3872313, at *2 (S.D. Ohio Aug. 15, 2018), *report and recommendation adopted sub nom.*, *Matthews v. Dayton Police Dep't*, 2018 WL 4777090 (S.D. Ohio Oct. 3, 2018); *Medina v. Cuomo*, 2015 WL 13744627, at *2 (N.D.N.Y. Nov. 9, 2015), *report and recommendation adopted*, 2016 WL 756539 (N.D.N.Y. Feb. 25, 2016). Given Plaintiff's own allegations in this regard, he has not alleged that the restriction is not "reasonably and necessarily related to the interests that the Government retains after his conditional release." *Birzon v. King*, 469 F.2d 1241, 1243 (2d Cir. 1972). Nor has Plaintiff alleged that the condition unduly restricts his ability to communicate the empowerment message he wishes to communicate. By his own pleading, he appears to only be engaged with a "few young people under the age of 18," Sec. Am. Compl. at ¶ 49, and he has long maintained that his advocacy group is not limited to individuals that young. *See Mitchell v. Cuomo*, 17-CV-892 (N.D.N.Y.), Dkt. No. 23, Am. Compl. (discussing UFD's role in working with state prison inmates).

As a result, the Second Amended Complaint fails to properly articulate facts sufficient to permit this claim to proceed.

### B. Retaliation

The second claim set forth in the Second Amended Complaint alleges that certain unspecified Defendants have retaliated against Plaintiff.  Sec. Am. Compl. at ¶¶ 56-60. Plaintiff alleges that after he and a state legislator emailed officials about concerns regarding Plaintiff's treatment, "a high ranking official of Parole ordered that Plaintiff be given a very [broad] and all-encompassing special order preventing Plaintiff from having any contact or communications with any persons under the age of 18 years old without their [sic] being any specific reason, purpose, or basis behind it."  *Id.* at ¶¶ 58-59.  He further claims that his home was ransacked by Parole authorities about a week later.  *Id.* at ¶ 60.

"To prevail on a First Amendment retaliation claim, [a plaintiff] must establish '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected [conduct] and the adverse action.'"  *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)).  The plaintiff must establish that "the protected conduct was a substantial or motivating factor" behind the retaliatory action.  *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

Under this standard, the Court recommends that Plaintiff's retaliation claim be dismissed.  The Court presumes that Plaintiff's described contact with parole officials about the restrictions placed on him is protected speech.  *See* Sec. Am. Compl. at ¶ 58.

Plaintiff then alleges that unidentified parole officials allegedly took adverse action against him. *Id.* at ¶¶ 59-60. The Court will also presume that the actions alleged are sufficient to establish the adverse action requirement. The pleading before the Court, however, is insufficient to assert a causal connection between Plaintiff's conduct and the alleged adverse action. He alleges only that the alleged retaliatory actions took place close in time to his protected speech. Mere temporal proximity alone, however, is insufficient to state a claim. *Sloane v. Mazzuca*, 2006 WL 3096031, at *14 (S.D.N.Y. Oct. 31, 2006). Plaintiff does not identify who he contacted at parole or who the "high ranking official of Parole" was that took action against him or who ransacked his home.[1] As a result of "Plaintiff's failure to identify any individual Defendant who is personally responsible, Plaintiff has not pled facts from which it could be plausibly inferred that" the adverse actions alleged are causally related to the asserted protected conduct. *Solano v. New York*, 2021 WL 4134793, at *8 (N.D.N.Y. Sept. 10, 2021).

### C. Conspiracy

Plaintiff next claims that officials of the Albany Police Department conspired to make false allegations against him in an effort to deny his Fifth Amendment right to be presumed innocent and his Fourteenth Amendment right to due process. *Id.* at ¶¶ 61-65.

This claim should be dismissed as wholly conclusory. "To sustain a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant acted in a

---

[1] This failure is an independent basis for dismissal of this claim. *Guillory v. Upstate Univ. Police*, 2021 WL 6274449, at *4 (N.D.N.Y. Dec. 14, 2021), *report and recommendation adopted*, 2022 WL 35926 (N.D.N.Y. Jan. 4, 2022) ("Plaintiff's complaint is further flawed for failure to allege the actionable conduct attributable to each individual defendant.").

wilful manner, culminating in an agreement, understanding or meeting of the minds, that violated the plaintiff's rights . . . secured by the Constitution or the federal courts. Conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights do not state a claim for relief under section 1983." *O'Neil v. Bebee*, 2010 WL 502948, at *9 (N.D.N.Y. Feb. 10, 2010) (internal citations and quotation marks omitted); *see also Vega v. Artus*, 610 F. Supp. 2d 185, 205 (N.D.N.Y. 2009) (applying same standard to section 1985 conspiracy claim). "For purposes of a court's review under section 1915(e) . . . it is not sufficient merely to [allege] the existence of a conspiracy in wholly conclusory terms." *McIntyre v. Battisti*, 2016 WL 791467, at *5 (N.D.N.Y. Feb. 4, 2016), *report and recommendation adopted*, 2016 WL 799334 (N.D.N.Y. Feb. 29, 2016). Plaintiff has failed to offer anything more than conclusory allegations of a conspiracy and his claims should, therefore, be dismissed. *See Wilson v. Cty. of Onondaga*, 2021 WL 5971316, at *9 (N.D.N.Y. Apr. 21, 2021), *report and recommendation adopted*, 2021 WL 5967130 (N.D.N.Y. Dec. 16, 2021).

### D. Judge Joyce

Plaintiff's Fourth Cause of Action[2] asserts Eighth and Fourteenth Amendment violations against Albany County Family Court Judge Amy Joyce. Sec. Am. Compl. at ¶¶ 5, 66-67. Plaintiff claims that Judge Joyce violated his rights by issuing an order of protection that she "had no legal jurisdiction or authority to issue." *Id.* at ¶ 66.

---

[2] The Second Amended Complaint contains a typographical error, listing two "Third" Causes of Action. Beginning with this claim, the Court refers to the claims in sequential order, not using the designation that results from that error.

In actions brought under 42 U.S.C. § 1983, judges are entitled to absolute immunity from suit for actions taken in the performance of their judicial duties. *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for 'acts committed within their judicial jurisdiction.'") (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). "Issuing an order of protection is clearly related to the exercise of the judge's judicial function." *Coleman v. Oneida Cty. Dist. Atty.*, 2014 WL 4966138, at *3 n.3 (N.D.N.Y. Oct. 1, 2014). While Plaintiff maintains that Judge Joyce lacked authority to issue the order, Family Court judges in New York clearly do have such authority. *See Aloi v. Nassau Cty. Sheriff's Dep't*, 9 Misc. 3d 1050, 1053, (Sup. Ct. 2005) ("a Family Court judge has the authority to issue orders of protection."). To the extent that Plaintiff alleges that Judge Joyce erred in exercising that authority, such a claim does not destroy her immunity. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997). The allegations in this case bear on Judge Joyce's official duties as a judge and are therefore barred by absolute immunity. *Young v. Selsky*, 41 F.3d at 51; *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("acts arising out of, or related to, individual cases before the judge are considered judicial in nature").

### E. Anthony Annucci

Though named as a Defendant nominally as the head of the Department of Corrections and Community Supervision, Plaintiff makes no factual allegations that Defendant Annucci has been personally involved in any of the facts alleged. Given that personal involvement is a prerequisite to liability under section 1983 and liability of

<mark>
<mark>
</mark>
</mark>

supervisory officials requires some direct, personal involvement, *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020), and no allegations in that regard have been made against Annucci, dismissal is appropriate as to him.

### F. State Law Defamation Claim

Finally, Plaintiff alleges a state law defamation claim against Craft and Braughler for allegedly stating to people that Plaintiff was a drug dealer and had raped a child. Sec. Am. Compl. at ¶¶ 68-70. Given the recommendation here that Plaintiff's federal causes of action be dismissed, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claim. *See Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."); *Reus v. Arthur*, 2020 WL 5122376, at *7 (N.D.N.Y. Aug. 31, 2020).

### III. CONCLUSION

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Plaintiff's Second Amended Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[3] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  August 29, 2022
            Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[3] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).